# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EVERETT LEON STOUT,            )  | |
|                                ) | |
|     Plaintiff,      ) | |
|                                ) | Civil Action Number: |
| v.                             ) | 2:09-cv-2355-WMA-JEO |
|                                ) | |
| KARON OWEN BOWDRE,             ) | |
|                                ) | |
|     Defendant.     ) | |

## MEMORANDUM OPINION

On November 18, 2009, Everett Leon Stout, acting pro se, filed a pleading captioned, "Notice to 'Sharon Harris, Clerk." (Civ. Doc.[1] 1, hereinafter the "Complaint" or "Compl."). Stout is an inmate at the Federal Correction Institution in Oakdale, Louisiana. Following conviction at trial in this court on multiple counts of interstate transportation of stolen motor vehicles, mail fraud, and conspiracy, in violation of 18 U.S.C. §§ 2312, 1341, and 371, respectively, Stout was sentenced on May 14, 2004, to a prison term of 60 months on counts 1, 13, 16, 17, and 18 of the indictment; 120 months on counts 2 through 8; and 151 months on counts 12, 14, and 15, to be served concurrently. (*See* Crim. Doc.[2] 373). The clerk of the court docketed Stout's

---

[1] References herein to "Civ. Doc. __" are to the document numbers assigned by the clerk of the court to entries docketed in the court file of instant civil case.

[2] References herein to "Crim. Doc. ___" are to the document numbers are to the document numbers assigned by the clerk of the court to entries docketed in the court file of Stout's criminal case, *United States v. Stout*, 2:02-cr-0528-KOB-HGD-1.

instant filing as a complaint asserting one or more *Bivens*[3] claims against the United States District Judge who presided over Stout's criminal case, the Honorable Karon O. Bowdre, who is named in her "personal capacity."

In his rambling and largely incoherent complaint, Stout charges that Judge Bowdre violated the Constitution by allegedly "impersonating an Article III, Judicial Judge" and that she committed "numerous acts of 'common law treason'" by "forcing the prosecution" of Stout and his co-defendants in the criminal case. (Compl. at 1 ¶¶ E, F).  Stout is seeking his immediate release from federal prison; to have all records of his convictions "expunged"; and, as near as the court can tell, an award of $900,000,000 in damages.  If not granted relief, he threatens to put a copy of his complaint on the internet and send copies to the "Fox News Network, Glenn Beck, and Rush Lieumbaugh (sic)." (Id. ¶ J).  Stout has not paid a filing fee or applied to proceed in forma pauperis.  For the reasons that follow, the court finds that Stout's complaint is due to be dismissed with prejudice.

    **I.   Claims Demanding Release From Custody and Expungement of Convictions**

To the extent that Stout demands his immediate release from prison and to have his convictions expunged, such relief collaterally attacking his conviction and sentence might be

---

[3]*Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

available only pursuant to a motion made under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008); *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999); *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997).  Insofar as his complaint is characterized as such a motion, it is due to be denied not only as frivolous but also as barred by the one-year statute of limitations applicable to § 2255 motions.  *See* 28 U.S.C. § 2255(f); *Clay v. United States*, 537 U.S. 522 (2003). The Eleventh Circuit ultimately dismissed Stout's direct appeal on October 25, 2006.  (Crim. Doc. 457).  Under § 2255(f)(1), Stout's conviction became final on January 23, 2007, upon the expiration of the 90-day period in which he might have sought certiorari review in the United States Supreme Court.  *See Clay*, 537 U.S. at 525.  Accordingly, the one-year limitations period of § 2255(f) expired on January 23, 2008.  Under the prison mailbox rule, Stout's instant application might be deemed filed no earlier than the date that it was signed: November 2, 2009.  *See McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009); *Houston v. Lack*, 487 U.S. 266, 275 (1988).  The complaint is therefore untimely if treated as seeking relief as a § 2255 motion.

    **II.  Claims for Damages and Any Other Relief**

    Stout fares no better insofar as his complaint is construed as seeking damages or other relief against Judge Bowdre.  A court

is required to immediately review a civil action in which "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must then dismiss the complaint, or any portion thereof, that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Supreme Court's decision in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), creates a cause of action against federal officials who act under color of their authority to deprive an individual of his constitutional rights. Such is analogous to the cause of action established by 42 U.S.C. § 1983, which applies only to officials who act under color of state law. *See Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). However, federal judges are entitled to absolute judicial immunity from suits seeking damages or injunctive relief based upon actions undertaken in their judicial capacity. *See Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000). Here, all of Stout's claims arise out of allegations associated with Judge Bowdre's role in presiding over Stout's criminal case. As such, Judge Bowdre is entitled to absolute judicial immunity on all of Stout's claims, which are due to be dismissed under 28 U.S.C. § 1915A(b)(2).

Stout's claims are also due to be dismissed as frivolous

under § 1915A(b)(1). The Eleventh Circuit has explained:

> A claim is frivolous if and only if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *see also Bilal* [*v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)]. The court's power to dismiss a claim for frivolity differs and in some ways supercedes the power to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833. The [Prison Litigation Reform Act] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.; see also Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639-41 & n. 1 (11th Cir. 1990). At the same time, we are mindful that "pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam)). Thus, wildly implausible allegations in the complaint should not be taken to be true, but the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations.

*Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). Stout's allegations that Bowdre was not qualified to act as a United States District Judge in connection with his case on the theory that she was allegedly not lawfully confirmed by the Senate are wildly implausible on their face. *See* U.S. Sen. Roll Call Vote 107th Congress - 1st Sess. Vote number 326, Nov. 6, 2001 (recording that Judge Bowdre received Senate confirmation by a vote of 98-0); *see also Fernandez v. Meier*, 408 F.2d 974, 977 n.6 (9th Cir. 1969) (characterizing as "not only frivolous but silly"

5

claims that two federal district judges lacked authority to act because they were allegedly "unlawfully confirmed by a Senate" which contained 'an ineligible member'").

Finally, the court notes that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a *Bivens* plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a tribunal authorized to make such determination, or called into question by a federal court's grant of postconviction relief under § 2255.  *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  A judgment in Stout's favor on his claims against Judge Bowdre "'would necessarily imply the invalidity of his conviction.'" *Abella*, 63 F.3d at 1065 (quoting *Heck*, 512 U.S. at 487). Accordingly, Stout's claims are also alternatively due to be dismissed on this ground.

### III. CONCLUSION

Stout's complaint is due to be dismissed with prejudice in its entirety.  Any claims for which he demands release from custody or the expungement of his convictions must be brought as a motion under 28 U.S.C. § 2255, but his application is untimely under the one-year statute of limitations applicable to such

motions.  To the extent that Stout is asserting *Bivens* claims for damages or other relief against Judge Bowdre, they are barred by absolute judicial immunity, are frivolous, and are precluded under the doctrine of *Heck v. Humphrey*.  A separate order will be entered.

    **DONE** this 23rd day of November, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE